IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| CHRISTINA MARIE SCOTT, | ) | |
| Plaintiff, | ) | No. 6:17-CV-00512-TC |
| v. | ) | ORDER |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental insurance benefits.

The ALJ found that plaintiff had the severe impairments of history of post traumatic stress disorder with depression and anxiety.

Plaintiff originally alleged an onset date of disability (AOD)

1 - ORDER

as February 4, 2013. At the hearing before the ALJ, plaintiff amended the AOD to a few months earlier, November 24 , 2012, which is the date she last worked.

Plaintiff was 28 years old on the AOD. She had worked as a fast food worker, a sales clerk and stocker, a restaurant manager, and a customer service representative.

The ALJ ruled that plaintiff could not perform her past relevant work, but that she could work in such representative fields as a garment bagger, collator, and assembly machine tender.

Plaintiff contends that the ALJ erred in rejecting the opinions of the examining psychologist, the treating physician and the treating counselor. Plaintiff also contends that the ALJ erred in the assessment of plaintiff's testimony and that defendant did not meet its burden at Step of 5 of the sequential analysis.

I. Assessing the Medical Evidence

The examining psychologist, the treating physician and the treating counselor all provided materials and all ultimately opined that plaintiff's symptoms precluded her from working. The ALJ gave no weight to any of the opinions.

Examining psychologist Dr. Truhn had a lengthy clinical interview with plaintiff, did a mental status examination, supervised testing and reviewed the entirety of her medical records. One of the primary reasons provided by the ALJ for

rejecting his opinion was Dr. Truhn reporting that two parts of the testing were deemed invalid based on plaintiff's responses. The ALJ stated:

> On Minnesota Multiphasic Personality Inventory -2-RE, Dr. Truhn reported that the claimant's profile or results were invalid. There was over-reporting indicated by excessive number of infrequent responses; she had an unusual combination of responses that were reported to be associated with noncredible reporting or somatic symptoms. Similarly, on the Million Clinical Multiaxial Inventory -III, Dr. Truhn reported that the claimant's scores were invalid. Her test results showed that claimant had[1] a broad tendency to magnify the level of experienced illness or a characterological inclination to be complaining or self-pitying. Interestingly, Truhn chose not to further interpret these test results or profiles; he just chose to interpret these test results as a cry for help or additional psychopathology. This raises some overall credibility issues as Dr. Truhn performed this evaluation at the request of claimant's attorney, and those areas that appear unfavorable to her overall profile appear to have been gleaned over quickly or ignored.

Tr. 26.

Dr. Truhn, however, appears to do somewhat more than glean the material over quickly or ignore it. Dr. Truhn cites the manuals that were used in interpreting the results, Tr. 435 and Tr. 436, and states that it is possible that plaintiff's possible histrionic and borderline personality features were instrumental in

---

[1] Dr. Truhn's report did not say "had", but rather, "may indicate a broad tendency to ...." Tr. 426.

3 - ORDER

her response style on testing, consistent with her history of abusive and tumultuous relationships and requiring attention and affection from others. Tr. 438. Dr. Truhn also said there was an indication of a pain disorder or somatic complaints in the test results, that could be reflective of additional psychopathology. Id. Dr. Truhn noted that the high scores may indicate a cry for help , or an effort to ensure that others are aware of her symptoms. Id. Dr. Truhn also noted that another explanation was that plaintiff was exaggerating symptoms intentionally for benefit of services or other secondary gain. Id. However, he noted that none of the medical records reported any concerns of malingering or exaggeration of symptoms. Id.

Based on Dr. Truhn's opinion and its handling by the ALJ, there appears to be either ambiguous evidence or the record is inadequate to allow for proper evaluation which triggers the duty to further develop the record. Mayes v. Massinari, 276 F.3d 453, 460 (9th Cir. 2010); McLeod v. Astrue, 640 F.3d 881, 885 (9th Cir. 2010); 20 C.F.R. §§ 404.1512 (e), 416.912(e).

The handling of the plaintiff's testimony further indicates a need for additional proceedings.

II. Assessing Plaintiff's Testimony

The ALJ found that plaintiff statements regarding symptoms were not entirely credible. Among the reasons provided by the ALJ

was the fact plaintiff took a trip to Kansas[2], and that "[t]he overall record suggests that claimant was searching for a source of income because she wanted to stay home to raise her daughter, but that as a single parent this would not be an option if she needed to work." Tr. 26.

The defendant Commissioner does not rely on those two reasons set forth by the ALJ and argues, in conlusory terms, that these are harmless error in light of the other reasons provided.

It cannot be discerned whether the use of these two reasons by the ALJ was prejudicial to plaintiff or whether it materially impacted the decision of nondisability. This is especially true as it is not clear the extent these two reasons impacted the rest of the ALJ's findings which often relied on the "overall record and the "record generally."

In addition, the potentially suspect basis for the ALJ's finding that plaintiff was not entirely credible has further implications. One of the stated reasons counselor Escobeda's opinion was not given any weight by the ALJ was due to plaintiff's self reporting to Escobeda and the fact the ALJ found plaintiff not entirely credible.

Further consideration of claimant's case by the ALJ or a different ALJ without the influence of the aforementioned two

---

[2]Plaintiff went to Kansas with her daughter and a neighbor for emotional support and broke out in hives during the trip.

5 - ORDER

reasons is appropriate.

## CONCLUSION

The decision of the Commissioner is reversed and this action is remanded for further proceedings pursuant to sentence four of 42 U.S.C. §405(g). The ALJ or a different ALJ shall contact Dr. Truhn and request new or more detailed information or reports as the ALJ sees fit. The ALJ or a different ALJ may of course contact any other medical provider as the ALJ sees fit. The ALJ or a different ALJ shall then consider and weigh all the evidence and perform a new five step sequential analysis consistent with this opinion.

DATED this 24 day of April, 2018.

THOMAS M. COFFIN
United States Magistrate Judge